ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **AIDA RODRÍGUEZ RUIZ, GLADYMIL RODRÍGUEZ RODRÍGUEZ, JUSTINO RODRÍGUEZ RODRÍGUEZ y OTROS**<br><br>Peticionarios<br><br>v.<br><br>**Dr. EUGENIO MULERO PORTELA y su Compañía de SEGUROS A, HOSPITAL EPISCOPAL SAN LUCAS, INC ATTN: Lic FRANCISCO CARABALLO IRIZARRY, Dr. ADRIÁN PÉREZ COCHRAN y OTROS**<br><br>Recurridos | TA2026CE00683 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Civil Núm.: **PO2021CV01954**<br><br>Sobre: Impericia Médica |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante nos la señora Aida Rodríguez Ruiz, el señor Gladymil Rodríguez Rodríguez, el señor Justino Rodríguez Rodríguez, la señora Rosa María Rodríguez Rodríguez; y la Sucesión Justino Rodríguez Román compuesta por estos (Sucesión Rodríguez Román o Peticionarios), mediante recurso de *Certiorari* presentado el 28 de mayo de 2026. Nos solicitaron la revocación de la *Resolución Interlocutoria* emitida el 26 de marzo de 2026 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] A través del aludido dictamen, el foro primario declaró No Ha Lugar a la solicitud de enmiendas a las alegaciones de la demanda en esta etapa de los procedimientos.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 285.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se revoca la decisión recurrida.

## I.

El caso ante nos comenzó el 21 de agosto de 2021, cuando la Sucesión Rodríguez Román presentó una *Demanda* contra el Hospital Episcopal San Lucas y sus facultativos médicos (en conjunto, Recurridos) por impericia médica, daños y perjuicios.[2] Los Peticionarios señalaron que la muerte del señor Jusino Rodríguez Román (Sr. Rodríguez Román) ocurrió por la negligencia del personal médico del hospital tras recibir tratamiento para el dolor torácico intermitente. Según las alegaciones, el Sr. Rodríguez Román falleció como consecuencia de las condiciones postoperatorias causadas por las actuaciones del personal de la institución.

Posteriormente, el 30 de abril de 2022, los Peticionarios presentaron una *Moción Solicitando Autorización para Enmendar la Demanda y Otros Asuntos*.[3] Consecuentemente, el TPI autorizó la enmienda el 10 de mayo de 2022, notificado el 12 de mayo del mismo año.[4]

Tras varias incidencias procesales, que incluyen la culminación del descubrimiento de prueba, el 20 de marzo de 2026, las partes radicaron el *Informe sobre Conferencia Preliminar entre Abogados*.[5] Particularmente, los Peticionarios incluyeron un inciso en el que solicitaron la enmienda a las alegaciones conforme a la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1.

Celebrada la Conferencia con Antelación a Juicio y Vista Transaccional, tras escuchar las argumentaciones de ambas partes, el TPI emitió una *Resolución Interlocutoria* en donde declaró No Ha

---

[2] *Íd.*, Entrada Núm. 1.
[3] *Íd.*, Entrada Núm. 61.
[4] *Íd.*, Entrada Núm. 64.
[5] *Íd.*, Entrada Núm. 268.

Lugar la solicitud de enmienda a las alegaciones presentada por los Peticionarios.[6] El foro primario concluyó que no procedía autorizar las enmiendas tras haber resuelto mociones dispositivas y señalar la celebración del juicio en su fondo.

En desacuerdo, el 9 de abril de 2026, los Peticionarios presentaron una *Moción de Reconsideración* en la cual argumentaron que las enmiendas provienen luego de que su propio perito examinara la deposición del perito de los Recurridos.[7] Sostienen que estas enmiendas no tienen ningún impacto sobre la adjudicación de la controversia, sino que se derivan de las mismas alegaciones y prueba presentada en *el Informe sobre Conferencia Preliminar entre Abogados.*

Por su parte, los Recurridos instaron una *Oposición a Moción de Reconsideración* en donde alegaron que las enmiendas a las alegaciones resultan tardías y perjudiciales.[8] Adujeron que el descubrimiento de prueba se condujo en atención a las alegaciones contenidas en la *Demanda* y sus enmiendas posteriores, por lo que las enmiendas que ahora se pretenden incluir tergiversarían la prueba descubierta.

Atendida la postura de las partes, el 8 de mayo de 2026, el TPI emitió una *Resolución Interlocutoria* en la que declaró No Ha Lugar a la solicitud de reconsideración contra la *Resolución* emitida el 26 de marzo de 2026.[9]

Inconforme, el 28 de mayo de 2026, los Peticionarios acudieron ante este foro mediante Petición de *Certiorari*, en el que planteó la comisión del siguiente error:

> PRIMERO: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, AL DICTAR RESOLUCIÓN INTERLOCUTORIA DECLARANDO NO HA LUGAR A LA SOLICITUD DE ENMIENDAS A LAS ALEGACIONES DE LA DEMANDA

---

[6] *Íd.,* Entrada Núm. 285.
[7] *Íd.,* Entrada Núm. 289.
[8] *Íd.,* Entrada Núm. 294.
[9] *Íd.,* Entrada Núm. 295.

EN ESTA ETAPA DE LOS PROCEDIMIENTOS. LA ETAPA DE LOS PROCEDIMIENTOS A QUE SE REFIERE EL TRIBUNAL ES EN EL INFORME DE CONFERENCIA CON ANTELACIÓN AL JUICIO.

Por su parte, el Dr. Eugenio Mulero Portela (Dr. Mulero Portela) presentó su *Memorando en Oposición a Certiorari*. Consecuentemente, el Dr. Adrián Pérez Cochran (Dr. Pérez Cochran) instó su *Alegato en Oposición a Certiorari*.

Así, con el beneficio de la comparecencia de las partes y del expediente ante nos, procedemos a disponer del presente recurso, no sin antes delimitar la normativa jurídica aplicable.

## II.

## A.

La Regla 13.1 de Procedimiento Civil dispone que:

Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. 32 LPRA Ap. V, R. 13.1.

La regla permite que se enmienden las alegaciones "con el propósito de atemperar el rigor estricto de otras reglas, cuando dicha parte, por alguna razón válida en derecho, ha omitido algo en sus alegaciones". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., 2011, T. II, 591. Como cuestión de derecho, la enmienda a las alegaciones sin permiso del tribunal es absoluto. Cuevas Segarra, *op. cit.*, pág. 593. Ahora bien, utilizado este derecho, la enmienda posterior depende de la discreción del tribunal. Cuevas Segarra, *op. cit.*, pág. 593.

La autorización de las enmiendas a las alegaciones se debe conceder de manera liberal. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 198 (2012); *SLG Font Bardón v. Mini-Warehouse*, 179 DPR 322, 335 (2010). Empero, esta liberalidad no es infinita, pues se puede denegar la enmienda si se demuestra un perjuicio indebido a la parte concernida o cuando se presenta en un momento irrazonablemente tardío. Cuevas Segarra, *op. cit.*, pág. 592. Para autorizar una enmienda se debe tener en consideración los siguientes elementos: "(1) el impacto del tiempo trascurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *SLG Sierra v. Rodríguez,* 163 DPR 738, 748 (2005). Cabe destacar que estos factores se deberán analizar de manera conjunta ya que ninguno de ellos opera aisladamente. *SLG Font Bardón v. Mini-Warehouse, supra,* pág. 335; *SLG Sierra v. Rodríguez, supra.*

En lo pertinente, la Regla 37.4(l) de Procedimiento Civil establece que, en los casos señalados para la conferencia con antelación al juicio, las partes deberán preparar un Informe Preliminar entre Abogados y Abogadas que incluya, entre otros, "[l]as enmiendas a las alegaciones y los fundamentos por los cuales éstas no se prepararon con anterioridad". 32 LPRA Ap. V., R. 37.4. Este mecanismo permite que el tribunal controle el trámite del proceso y que la solicitud de enmiendas no se convierta en una manera de dilatar los procedimientos, reabrir el descubrimiento de prueba ya culminado o causar perjuicio indebido a las partes. Cuevas Segarra, *op. cit.*, pág. 593. El factor de que el caso se encuentre en una etapa avanzada no es justificación para denegar la solicitud pues "el paso del tiempo no impide, *ipso facto*, que el tribunal admita una enmienda". *SLG Sierra v. Rodríguez, supra,* pág. 748; Cuevas Segarra, *op. cit.*, pág. 594. Salvo que cause perjuicio a la otra parte, tampoco procede denegar la petición de enmiendas que

introduzcan el cambio de teoría en un caso. Cuevas Segarra, *op. cit.*, pág. 594.

Precisamente, nuestro Tribunal Supremo ha establecido que la conferencia preliminar al juicio ofrece la oportunidad para que se sometan al tribunal posibles enmiendas a las alegaciones antes de la vista en su fondo. *Romero v. SLG Reyes*, 164 DPR 721, 729 (2005); *Ortiz Díaz v. R&R Motors Sales Corp.*, 131 DPR 829, 837 (1992). Estas enmiendas pudieran ampliar las causas de acción comprendidas en la demanda, añadir otras causas de acción o plantear nuevas teorías. *Cruz Cora v. UCB/Trans Union PR Div.*, 137 DPR 917, 922 (1995). Cabe destacar que un cambio de teoría no es suficiente para denegar la solicitud, incluso si esta se hace en la conferencia con antelación a juicio. *Romero v. SLG Reyes, supra.*

Empero, no es permisible la enmienda a la demanda cuando se introducen nuevas y separadas causas de acción, haya incuria, mala fe, dilación a los procedimientos o cause perjuicio. Cuevas Segarra, *op. cit.*, pág. 600.

Además, los tribunales deberán denegar tales enmiendas "cuando la propuesta enmienda altera radicalmente el alcance y naturaleza del caso, con un consecuencial cambio, convirtiendo la controversia inicial en tangencial, el permiso debe ser denegado, pero ello no significa que no se puedan adicionar nuevas teorías o nuevas reclamaciones". *Colón Rivera v. Wyeth Pharm., supra,* pág. 199 (*Citando a* Cuevas Segarra, *op. cit.*, pág. 549). Ergo, "mientras más tiempo transcurra entre el momento cuando se pudo haber presentado la enmienda y el momento cuando efectivamente se presentó, más probable será concluir que hubo una dilación indebida lo cual [...] debe traducirse a que no se autorice la enmienda". *Íd.*, pág. 202.

**III.**

En el caso que nos ocupa, los Peticionarios nos solicitan la revisión de la *Resolución Interlocutoria* emitida el 26 de marzo de 2026. Sostienen que el TPI erró al denegar la solicitud de enmiendas contenida en el *Informe sobre Conferencia Preliminar entre Abogados*. La Sucesión Rodríguez Román argumenta que las enmiendas presentadas provienen del descubrimiento de prueba realizado por los Recurridos. Además, señalan que las enmiendas a las alegaciones solicitadas tienen como base los mismos hechos que surgen del récord médico y que motivaron la presentación de la *Demanda* en este caso.

Por su parte, el Dr. Murelo Portela indica que las enmiendas propuestas no se limitan a aclarar o precisar hechos previamente alegados, sino que incorporan nuevas teorías de responsabilidad médica, expanden el periodo de alegada negligencia e intentan redefinir el rol del codemandado. Señala que permitir las enmiendas le causaría perjuicio en vista de que obligarían a reabrir el descubrimiento de prueba, tomar deposiciones adicionales, revisar peritajes y reformular completamente la estrategia de defensa.

Asimismo, el Dr. Pérez Cochran insiste en que las enmiendas propuestas en la conferencia con antelación a juicio, no se justifica por ser tardía y causar un perjuicio real a las partes demandadas. Además, indica que los Peticionarios tuvieron acceso a esta información desde etapas tempranas del caso.

Nuestro Tribunal Supremo ha establecido que la conferencia preliminar al juicio ofrece la oportunidad para que se sometan al tribunal posibles enmiendas a las alegaciones antes de la vista en su fondo. *Romero v. SLG Reyes, supra.* Un cambio de teoría no es suficiente para denegar la solicitud, incluso si esta se hace en la conferencia con antelación a juicio. *Romero v. SLG Reyes, supra.* Empero, no es permisible la enmienda a la demanda cuando se

introducen nuevas y separadas causas de acción, haya incuria, mala fe, dilación a los procedimientos o cause perjuicio. Cuevas Segarra, *op. cit.*, pág. 600. Por ende, es necesario tener en consideración los siguientes elementos antes de autorizar una enmienda: "(1) el impacto del tiempo trascurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *SLG Sierra v. Rodríguez, supra.*

Esbozado el derecho aplicable y los planteamientos de las partes, resolvemos que erró el foro primario al denegar las enmiendas incluidas en el *Informe sobre Conferencia Preliminar entre Abogados.* Ello en vista de que nuestro propio ordenamiento jurídico permite realizar enmiendas en esta etapa de los procedimientos. Específicamente, esta es la última oportunidad que tiene la parte para realizar tales enmiendas. Según analizamos, las enmiendas propuestas no alteran la naturaleza de la reclamación ni introducen una nueva causa de acción distinta. Más bien, evaluamos que estas amplifican y complementan las alegaciones previamente expuestas en la *Demanda* inicial.

En ese sentido, la jurisprudencia permite estos cambios mediante la Regla 13.1 siempre y cuando no causen un perjuicio indebido a la otra parte. Cabe destacar que los Recurridos se limitaron a mencionar que permitir las enmiendas los obligaría a realizar un nuevo descubrimiento de prueba y cambiar su estrategia de litigio. Sin embargo, no demostraron un perjuicio indebido, más aún cuando la solicitud de enmiendas surgió a raíz del descubrimiento de prueba de estos. Por lo que, resolvemos que la enmienda se realizó en un momento oportuno.

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* y revocamos la determinación recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Rivera Marchand concurre sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones